UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY BARRERA and<br>ALBERTO TREVISO, | No. 19 CR 439<br><br>Judge Robert W. Gettleman |

### ***AGREED*** SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, the government previously provided discovery to defendants. Other materials, which do not fall under Rule 16 (such as certain *Jencks* materials), have yet to be disclosed by the government. Such materials contain particularly sensitive information, the unrestricted dissemination of which could adversely affect the safety interest of third parties. This information includes materials involving or identifying any confidential source(s) that may have cooperated with the government during the course of the investigation. The government intends to produce such information and designate it "Attorneys' Eyes Only" (the "Attorneys' Eyes Only Material").

2. The Attorneys' Eyes Only Material shall be plainly marked by the government prior to disclosure. For written materials, the pages that are Attorneys' Eyes Only will be individually marked. For other items, such as audio or video

1

recordings, the media containing those recordings will be marked in the same manner.

3. Neither the Attorneys' Eyes Only Materials nor the information contained therein may be disclosed to any persons other than counsel for the defendants (defined as counsel of record in this case), and staff members employed in counsel's office including investigators or experts employed by defendant's counsel to assist the defense ("authorized persons"), without authorization from the Court. Moreover, while defense counsel may <u>show</u> the Attorneys' Eyes Only materials to the defendants, and those materials may be reviewed by the defendants in defense counsel's presence, the Attorneys' Eyes Only materials (or copies of them or their contents) may <u>not</u> be physically provided to defendants for their retention or by any other means or methods. Likewise, the Attorneys' Eyes Only Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

4. Defendants' counsel and authorized persons shall not copy or reproduce the Attorneys' Eyes Only Materials except for use in connection with this case by defendants' counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the originals.

5. Defendants' counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Attorneys Eyes

Only Materials, except to defendants for their review, and all such notes or records are to be treated in the same manner as the originals.

6. The government must provide a copy of the applicable Protective Order with each and every disclosure. Before providing the Attorneys' Eyes Only Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the Attorneys' Eyes Only Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Attorneys' Eyes Only materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any Attorneys' Eyes Only materials. In the event that the Attorneys' Eyes Only materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Attorneys' Eyes Only materials are so maintained, and the Attorneys' Eyes Only materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any Attorneys' Eyes Only material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic

materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
ROBERT W. GETTLEMAN
United States District Judge
Date: <u>August 22, 2019</u>   Northern District of Illinois